# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVE CHUNG, individually and on :
behalf of all persons and entities :
similarly situated, :
    *Plaintiff,* :
                   :     NO. 1:26-cv-01529-JPW
v. :
                   :
U-RELAX MOVING CO., :
    *Defendant,* :

### U-RELAX MOVING CO.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS

**AND NOW** on the 22nd day of July, 2026 comes the U-RELAX MOVING CO., by and through its counsel, Summers Nagy Law Offices, and files this Brief in Support of its Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, Defendant moves pursuant to Federal Rule of Civil Procedure 12(f) to strike Plaintiff's class allegations.

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................ 4

II.  QUESTIONS PRESENTED................................................................5

III. PROCEDURUAL HISTORY................................................................5

IV. STATEMENT OF FACTS................................................................6

II.  LEGAL STANDARD ......................................................................... 6

    A. Rule 12(b)(6) ........................................................................... 6

    B. Rule 12(f) ............................................................................... 7

III. ARGUMENT ....................................................................................... 7

    A. Plaintiff Fails to Plausibly Allege the Existence
       of a Putative Class ................................................................. 7

    B. Plaintiff's Class Allegations Are Conclusory ................................................. 8

    C. Alternatively, the Court Should Strike the
       Class Allegations ..................................................................10

IV.  CONCLUSION .................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                     **Page(s)**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)............................................................7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)........................................6

*Hutt v. Greenix Pest Control, LLC*, 2023 WL 2726357, at *4
(S.D. Ohio Mar 31, 2023) ..............................................................................7, 8

*Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 592–93 (3d Cir. 2012).............8

*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021)...............................................7

## Statutes and Rules

47 U.S.C. § 227.................................................................................................5

Fed. R. Civ. P. 12(b)(6).................................................................................4, 6

Fed. R. Civ. P. 12(f)....................................................................................4, 6, 7

Fed. R. Civ. P. 23(a)....................................................................................5, 8, 9

## I.    INTRODUCTION

Plaintiff's Complaint seeks to transform an alleged dispute involving telephone calls made to Plaintiff alone into a nationwide class action. However, Plaintiff's Complaint contains no factual allegations identifying any other individuals who allegedly received similar calls from Defendant, nor does it allege facts demonstrating existence of a broader practice or conduct affecting a class of similarly situated persons.

Instead, Plaintiff alleges only that he personally received certain telephone calls that he contends violated the Telephone Consumer Protection Act ("TCPA"). Based solely on those allegations, Plaintiff asserts that he may represent a nationwide class of individuals who allegedly received similar calls. Such conclusory allegations are insufficient to satisfy federal pleading standards.

Because Plaintiff has failed to plead facts supporting the existence of a putative class, Defendant respectfully requests that the Court dismiss Plaintiff's class allegations pursuant to Federal Rule of Civil procedure 12(b)(6). Alternatively, because the defects in Plaintiff's class allegations are apparent from the face of the Complaint, Defendant requests that the Court strike those allegations pursuant to Federal Rule of Civil Procedure 12(f).

## II.  QUESTIONS PRESENTED

### A. WHETHER THE PLAINTIFF'S CLASS ACTION COMPLAINT FAILS TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6).

*Suggested Answer: In the affirmative.*

### B. ALTERNATIVELY, WHETHER THE CLASS ALLEGATIONS SHOULD BE STRICKEN UNDER FED. R. CIV. P. 12(F) BECAUSE THEY ARE REDUNDANT, IMMATERIAL, OR LEGALLY UNMAINTAINABLE ON THE FACE OF THE COMPLAINT.

*Suggested Answer: In the affirmative.*

## III.  PROCEDURAL HISTORY

Plaintiff commenced this action by filing a Complaint in this Court on or about June 6, 2026 asserting claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 , and seeking certification of a nationwide class pursuant to Federal Rule of Civil Procedure 23. Plaintiff alleges Defendant placed *four* telephone calls to Plaintiff despite Plaintiff's telephone number allegedly being listed on the National Do Not Call Registry. In addition to pursuing his individual claim, Plaintiff seeks to represent a proposed nationwide class of similarly situated individuals. Defendant now moves to dismiss Plaintiff's class allegations pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, to strike the class allegations pursuant to Federal Rule of Civil procedure 12(f).

## IV.   STATEMENT OF FACTS

According to the Complaint, Plaintiff's telephone number was listed on the National Do Not Call Registry at the time of the alleged calls. Plaintiff alleges that Defendant placed *four* telephone calls to Plaintiff during May 2026 without Plaintiff's prior express written consent. Plaintiff further alleges that Defendant left voicemail messages and that the alleged calls violated the TCPA.

Beyond Plaintiff's individual allegations, the Complaint seeks certification of a nationwide class. However, the Complaint contains no factual allegations identifying any other individual – not even one – who allegedly received unlawful calls from Defendant or otherwise supporting the existence of a putative class.

## V.   LEGAL STANDARD

### A. RULE 12(B)(6)

A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although courts must accept well-pleaded factual allegations as true, they need not accept legal conclusions or conclusory assertions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff cannot satisfy federal pleading requirements by merely reciting the

6

elements of a claim or relying on speculation regarding facts not alleged in the complaint.

### B. RULE 12(F)

Federal Rule of Civil Procedure 12(f) permits a court to strike allegations that are insufficient or improper. Although courts generally address class certification after discovery, courts may strike class allegations at the pleading stage where it is apparent from the face of the complaint that the requirements for class treatment are not evenly remotely pled.

## VI.    ARGUMENT

### A. PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THE EXISTENCE OF A PUTATIVE CLASS

The United States Supreme Court has stated "No concrete harm, no standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). The Plaintiff must allege facts that establish actual harm to class members for the alleged class members to have standing.

Further, "[w]hen a court concludes that a plaintiff has failed to sufficiently allege facts as required under the Local Rules, or that he will be able to meet the prerequisites of Rule 23, the class allegations must be stricken." *Hutt v. Greenix Pest Control, LLC*, 2023 WL 2726357, at *4 (S.D. Ohio Mar. 31, 2023). "…[t]he class

must be currently and readily ascertainable based on objective criteria." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 592–93 (3d Cir. 2012). "If class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate." *Id.*

Plaintiff's class allegations are, at most, based entirely on speculation. The Complaint alleges that Plaintiff personally received telephone calls from Defendant and that Plaintiff's own telephone number was allegedly listed on the National Do Not Call Registry. However, Plaintiff alleges no facts concerning any other person who allegedly received similar calls.

The Complaint does not identify any other alleged call recipient, does not describe any broader group of affected individuals, and does not allege facts demonstrating that Defendant engaged in conduct affecting a class of similarly situated persons. Plaintiff, instead, relies on the unsupported assertion that other individuals "may" have received similar calls.

Such conclusory allegations are insufficient as a matter of law. While Plaintiff need not identify every potential class member by name, Plaintiff must still allege facts supporting a plausible basis for the existence of a class. A plaintiff cannot establish the plausibility of class treatment through speculation alone.

Here, the only factual allegations concern Plaintiff himself. The Complaint

Therefore fails to provide any factual basis from which the Court could reasonably infer the existence of a nationwide class.

## B. PLAINTIFF'S RULE 23 ALLEGATIONS ARE MERELY CONCLUSORY

Federal Rules of Civil Procedure 23(a) requires a plaintiff seeking class certification to demonstrate numerosity, commonality, typicality, and adequacy of representation. Plaintiff's Complaint, however, alleges facts only concerning Plaintiff's individual receipt of telephone calls and contains no factual allegations concerning any other alleged recipient of Defendant's calls. Accordingly, Plaintiff has failed to plead facts legally sufficient to support the existence of a putative class or demonstrate that the requirements of Rule 23(a) can plausibly be satisfied.

Plaintiff's allegations regarding class certification consist largely (if not entirely) of recitations of the Rule 23 requirements without supporting factual allegations.

Plaintiff alleges that the proposed class is sufficiently numerous, that common questions exist, and that class treatment is appropriate. However, Plaintiff provides no factual allegations supporting those conclusions.  Simply, Plaintiff regurgitates Rules related to a proposed class action without *any* factual support.

The Complaint contains no allegations regarding the number of other

individuals allegedly contacted by Defendant, the existence of a common calling list, a uniform practice affecting other consumers, or any facts demonstrating that Plaintiff's alleged experience is typical of other individuals.

Without such allegations, Plaintiff's class claims are nothing more than unsupported conclusions that fail to satisfy federal pleading standards.

### C. ALTERNATIVELY, THE COURT SHOULD STRIKE PLAINTIFF'S CLASS ALLEGATIONS

Even if dismissal is not granted, the Court should strike Plaintiff's class allegations pursuant to Rule 12(f).

The Complaint, on its face, fails to allege facts supporting the existence of a class. Allowing speculative class allegations to proceed would unnecessarily expand discovery and impose the burdens associated with class litigation without any factual basis demonstrating that class treatment is appropriate.

Accordingly, the Court should strike Plaintiff's class allegations at this stage of the litigation.[1]

---

[1] From a logical standpoint, the Complaint should be amended to be directed towards only Defendant without any reference to any class allegations, assuming Plaintiff wishes to proceed.  As currently drafted, it might be challenging to strike portions of the allegations rather than an amended pleading.

## VII.   CONCLUSION

For the forgoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's class allegations pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively strike Plaintiff's class allegations pursuant to Federal Rule of Civil Procedure 12(f), and grant such other relief as the Court deems just and proper.

Respectfully submitted,

SUMMERS NAGY LAW OFFICES

*/s/Sean E. Summers*

By: _____

Sean E. Summers, PA I.D. 92141
35 South Duke Street
York, PA 17401
(717) 812-8100
Fax: (717) 812-8108
Dated: July 22, 2026          E-Mail: ssummers@summersnagy.com
*Counsel for Defendant, U-Relax Moving Co*

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVE CHUNG, individually and on :
behalf of all persons and entities :
similarly situated, :
　　　*Plaintiff,* :
　　　　　　　　　　　　　　　　 : 　　NO. 1:26-cv-01529-JPW
v. :
　　　　　　　　　　　　　　　　 :
U-RELAX MOVING CO., :
　　　*Defendant,* :

## CERTIFICATE OF SERVICE

I, Sean E. Summers, Esquire, hereby certify that on this 22nd day of July, 2026,

a copy of the foregoing Brief in Support of Motion to Dismiss or, in the alternative,

Motion to Strike has been served upon the following parties via CM/ECF and

electronic mail, addressed as follows:

Jeremy C. Jackson
Bower Law Associates, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
jjackson@bower-law.com
*Counsel for Defendants*

SUMMERS NAGY LAW OFFICES

*/s/Sean E. Summers*
By: _____
Sean E. Summers, PA I.D. 92141
35 South Duke Street, York, PA 17401
(717) 812-8100| Fax: (717) 812-8108
Dated: July 22, 2026　　　　　　E-Mail: ssummers@summersnagy.com

12