# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVE CHUNG, individually and on behalf of a class of all persons and entities similarly situated,

       Plaintiff,

vs.

U-RELAX MOVING CO.,

       Defendant.

Case No. 1:26-cv-01529-JPW

## PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS

i

# TABLE OF CONTENTS

I.   **Introduction**.......................................................................................................5

II.  **Background**.........................................................................................................6

III. **Argument.**..........................................................................................................8

IV.  **Conclusion**........................................................................................................19

# TABLE OF AUTHORITIES

**Cases**

*Bee, Denning, Inc. v. Capital Alliance Group*,
   No. 13-cv-2654, 2015 U.S. Dist. LEXIS 129495 (S.D. Cal. Sept. 24, 2015). ..13

*Cruz v. Sky Chefs, Inc.*,
   2013 WL 1892337 (N.D. Cal. May 6, 2013) .......................................................10

*Donovan v. Philip Morris USA, Inc.*,
   2012 WL 957633 (D. Mass. Mar. 21, 2012) .......................................................14

*Friel v. Line 5, LLC*,
   2025 WL 2422617 (M.D. Pa. Aug. 21, 2025)...................................... 6, 15, 17, 18

*Gager v. Dell Financial Services, LLC*,
   727 F.3d 265 (3d Cir. 2013) .................................................................................8

*Heard v. Nationstar Mortgage LLC*,
   2018 WL 4028116 (N.D. Ala. Aug. 23, 2018).......................................................8

*In re Wal-Mart Stores, Inc. Wage and Hour Litigation*,
   505 F. Supp. 2d 609 (N.D. Cal. 2007)..................................................................10

*Jackson v. Meadowbrook Financial Mortgage Bankers Corp.*,
   2023 WL 2472606 (M.D. Pa. Mar. 10, 2023)........................................... 6, 15, 17

*Krakauer v. Dish Network, L.L.C.*,
   925 F.3d 643 (4th Cir. 2019) ..............................................................................12

*Landsman & Funk PC v. Skinder-Strauss Associates*,
   640 F.3d 72 (3d Cir. 2011) ...................................................................................9

*Lyons v. Coxcom, Inc.*,
   718 F. Supp. 2d 1232 (S.D. Cal. 2009) ...............................................................10

*Mims v. Arrow Financial Services, LLC*,
   565 U.S. 368 (2012), .................................................................................. 12, 13

*Rosenberg v. LoanDepot.com LLC*,
435 F. Supp. 3d 308 (D. Mass. 2020).......................................................................10

*Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*,
2014 WL 6750690 (N.D. Ohio Dec. 1, 2014).............................................. 12, 13

*Sauter v. CVS Pharmacy, Inc.*,
2014 WL 1814076 (S.D. Ohio May 7, 2014)..........................................................9

*Thorpe v. Abbott Laboratories, Inc.*,
534 F. Supp. 2d 1120 (N.D. Cal. 2008)..................................................................10

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ..............................................................................................14

4

### Introduction

Defendant asks this Court to dismiss—or, alternatively, strike—Plaintiff's class allegations before discovery has even begun because Plaintiff allegedly failed to identify other recipients of Defendant's unlawful telemarketing calls. That is not the pleading standard under Rule 8, it is not the standard governing Rule 23, and it is not how TCPA class actions are litigated.

The Complaint alleges far more than Defendant acknowledges. Plaintiff alleges that Defendant engaged in a telemarketing campaign promoting its moving services, utilized technology capable of generating thousands of substantially similar calls, and that the recipients of those calls may be identified through Defendant's own dialer records, telephone records, and related business databases. The Complaint further alleges a nationwide class and facts supporting each requirement of Rule 23. ECF No. 1 ¶¶ 4-5, 40-55.

Rather than accepting those allegations as true, Defendant repeatedly asks the Court to disregard them and instead require Plaintiff to prove the existence and contours of the proposed class before any discovery has occurred. Defendant's arguments concerning numerosity, ascertainability, commonality, consent, and overbreadth all depend upon evidence uniquely within Defendant's possession. Those arguments therefore present issues for class certification—not pleading deficiencies.

The very arguments Defendant advances have already been rejected in two TCPA class actions from this Court. In *Friel v. Line 5, LLC*, No. 3:24-cv-1866, 2025 U.S. Dist. LEXIS 162154 (M.D. Pa. Aug. 21, 2025), Judge Munley denied a motion to strike class allegations, holding that issues such as ascertainability, overbreadth, consent, and commonality required factual development through discovery before they could be resolved. Likewise, in *Jackson v. Meadowbrook Financial Mortgage Bankers Corp.,* No. 4:22-CV-01659, 2023 U.S. Dist. LEXIS 41211 (M.D. Pa. Mar. 10, 2023), Judge Brann rejected an identical challenge to the very same TCPA class definition Plaintiff proposes here, concluding that it was not an impermissible fail-safe class and that the use of objective business records supported allowing the case to proceed.

Because Defendant's motion rests on a mischaracterization of the Complaint and improperly asks the Court to resolve class-certification issues at the pleading stage—contrary to the approach taken in these Middle District TCPA decisions— the Motion should be denied.

## **Background**

Plaintiff commenced this action by filing the Complaint on July 10, 2026. ECF No. 1. The Complaint alleges that Defendant engaged in a telemarketing campaign promoting its moving services by repeatedly placing telephone solicitation calls to Plaintiff's residential cellular telephone number despite

Plaintiff's number having been listed on the National Do Not Call Registry since July 21, 2017. ECF No. 1 ¶¶ 22-37.

Specifically, Plaintiff alleges that Defendant placed at least four telemarketing calls to Plaintiff during May 2026, left two voicemail messages advertising Defendant's moving services and offering free moving estimates, and thereafter sent follow-up text messages confirming the same marketing campaign. Id. ¶¶ 23-34. Plaintiff alleges that the calls were made without prior express written consent, were unwanted, invaded Plaintiff's privacy, and were made for the purpose of advertising Defendant's business. Id. ¶¶ 31-37.

The Complaint further alleges that Defendant's conduct extended beyond Plaintiff. Plaintiff alleges that Defendant utilized technology capable of generating thousands of similar telemarketing calls each day, brings this action on behalf of a nationwide class of consumers who received multiple unlawful telephone solicitations, alleges that the proposed class members are identifiable through Defendant's dialer records and related business records, and alleges that the proposed class numbers at least in the hundreds. Id. ¶¶ 4-5, 40-55.

Defendant nevertheless moves to dismiss—or alternatively strike—the class allegations, arguing that Plaintiff was required to identify additional class members in the Complaint before obtaining discovery. See ECF No. 17.

**Argument**

Defendant's motion proceeds from the mistaken premise that Plaintiff was required to prove Rule 23 at the pleading stage. That is not the law, nor is it what the Complaint attempts to do. The Complaint alleges a telemarketing campaign, proposes objectively defined classes, explains why class members are ascertainable from Defendant's own records, and alleges facts supporting each Rule 23 requirement. ECF No. 1 ¶¶ 4-5, 40-55. Defendant's disagreement with those allegations is not a pleading defect—it is a merits argument reserved for class certification after discovery.

Significantly, because "the TCPA is 'a consumer protection statute which is remedial in nature,' this Court must interpret the statute broadly" and certainly not allow it to be turned on its head and weaponized against consumers." *Heard v. Nationstar Mortg. LLC*, No. 16-cv-00694- MHH, 2018 WL 4028116, at *5 (N.D. Ala. Aug. 23, 2018). Indeed, the Third Circuit has held, "because the TCPA is a remedial statute, it should be construed to benefit consumers." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271 (3d Cir. 2013).

The Third Circuit has also cautioned that a motion to strike class allegations should rarely be allowed, particularly in the context of a TCPA class action. *See Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93-95 & n.30 (3d Cir. 2011) (holding that a court may deny class certification before discovery only

8

if the "complaint itself demonstrates that the requirements for maintaining a class action cannot be met," and explaining that "in the specific context of claims filed under the TCPA statute, it is difficult to resolve without discovery whether there are factual issues regarding class members' business relationships with defendants or whether they consented") *vacated on other grounds*, *Landsman & Funk PC v. Skinder-Strauss Assocs.*, No. 09-3105/09-3532/09-3793, 2012 U.S. App. LEXIS 11946 (3d Cir. Apr. 17, 2012).

Other courts are in agreement that motions to strike class allegations are disfavored. "Courts should exercise caution when striking class action allegations based solely on the pleadings, because class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Sauter v. CVS Pharmacy, Inc.*, No. 2:13-CV-846, 2014 U.S. Dist. LEXIS 63122, 2014 WL 1814076, at *2 (S.D. Ohio May 7, 2014) (ultimately finding plaintiff in a TCPA case improperly pled a fail-safe class, but granting plaintiff leave to amend its pleadings to remove reference to consent, which is not included here). "[M]otions to strike class allegations are generally disfavored because 'a motion for class certification is a more appropriate vehicle.'" *Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1235-36 (S.D. Cal. 2009) (quoting *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008)). "[M]any courts have recognized that the sufficiency of class

allegations are better addressed through a class certification motion, after the parties have had an opportunity to conduct some discovery." *Long v. Graco Children's Prods.*, No. 13-cv-01257-JD, 2014 U.S. Dist. LEXIS 174347, at *14 (quoting *Cruz v. Sky Chefs, Inc.*, C-12-02705 DMR, 2013 U.S. Dist. LEXIS 65114, 2013 WL 1892337, at *5 (N.D. Cal. May 6, 2013). Thus, it is rare for a court to grant a motion to dismiss class allegations at the pleading stage. *In re Wal-Mart Stores, Inc. v. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007). In rejecting the same argument previously in a TCPA case, another court held:

> The Court finds that the defendant's motion to strike the class allegations is premature before plaintiff can develop the factual record through discovery. Loan Depot's citation of consent as a potential affirmative defense is insufficient to warrant striking the putative class solely on the pleadings. The motion to strike class allegations will, therefore, be denied.

*Rosenberg v. LoanDepot.com LLC,* 435 F. Supp. 3d 308, 318 (D. Mass. 2020).

Defendant's motion also rests on a fundamental mischaracterization of the Complaint. Throughout its brief, Defendant repeatedly asserts that Plaintiff alleges only his own experience and pleads no facts suggesting Defendant engaged in a broader telemarketing campaign. But those assertions ignore the Complaint's factual allegations. Plaintiff alleges that Defendant utilized technology capable of generating thousands of substantially similar telemarketing calls, that Defendant's own dialer records, telephone records, and related databases identify the recipients

of those calls, and that the proposed class numbers, at minimum, in the hundreds. ECF No. 1 ¶¶ 4-5, 45-47. At the pleading stage, those factual allegations—not Defendant's contrary characterization—must be accepted as true.

Nor is Plaintiff required to identify every absent class member before discovery. The Complaint expressly alleges that the identities of putative class members reside within Defendant's own dialer records, telephone records, and related business databases. ECF No. 1 ¶ 45. Defendant cannot simultaneously argue that Plaintiff lacks access to those records while insisting Plaintiff should have pleaded their contents before obtaining discovery.

Defendant's reliance on *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), is likewise misplaced. Defendant does not challenge Plaintiff's own Article III standing, nor could it. Instead, Defendant attempts to transform *TransUnion* into a pleading requirement that Plaintiff identify and establish the standing of every absent putative class member before discovery has even begun. *TransUnion* imposed no such requirement. The Complaint alleges that members of the proposed Class received the same unlawful telephone solicitation calls, suffered the same invasion of privacy and related harms protected by the TCPA, and may be identified through Defendant's own dialer records and business records. ECF No. 1 ¶¶ 31-49. Whether the evidence ultimately establishes the standing of every member of the certified class is an issue, if necessary, for class certification or later

11

stages of the litigation—not a basis to dismiss or strike otherwise well-pleaded class allegations at the pleading stage.

The Defendant's argument fails as Defendant's motion also fails because it begins from an incorrect premise. Throughout its brief, Defendant repeatedly asserts that Plaintiff alleges only his own experience and pleads no facts suggesting Defendant engaged in a broader telemarketing campaign. ECF No. 17 at 4, 6-10. The Complaint alleges precisely the opposite. For example, Defendant argues that Plaintiff alleges "only" that he received telephone calls. ECF No. 17 at 4. But the Complaint expressly alleges that:

- Defendant used technology capable of generating thousands of similar calls per day. ECF No. 1 ¶ 4.
- Plaintiff brings this action on behalf of a proposed nationwide class of persons subjected to the same unlawful telemarketing campaign. Id. ¶¶ 4-5.
- Defendant's telemarketing campaign is capable of identifying class members through Defendant's own dialer records, phone records, and related databases. Id. ¶ 45.
- Plaintiff reasonably believes the class numbers, at minimum, in the hundreds. Id. ¶ 46.
  Those are factual allegations—not legal conclusions—and they must be accepted as true at the pleading stage.

Contrary to the Defendant's argument, courts routinely certify class actions brought under the TCPA in spite of the laundry list of supposedly class defeating issues cited by Defendant. As the Fourth Circuit explained:

> In enacting the law, Congress sought to deter an activity that, while pernicious and disruptive, does not trigger extensive liability in any single case. Since few individuals would have an incentive to bring suit,

no matter how frustrated they were with the intrusion on their privacy, the TCPA opted for a model that allows for resolution of issues without extensive individual complications.

*Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 656 (4th Cir. 2019) (noting that

"the TCPA clearly supports class-wide resolution in the abstract").

Indeed, courts around the country have certified numerous class actions

based on violations of the TCPA. Unsurprisingly, courts routinely find class actions

to be the superior method of adjudicating claims in the TCPA context:

> This type of case weighs in favor of the class action as a superior device. Under the TCPA, the maximum recovery for each class member is $1,500, and it does not allow for fee shifting. Hence, individual class members are unlikely to litigate TCPA claims. Second, in finding federal courts have concurrent jurisdiction with state courts over TCPA actions, the Supreme Court effectively found that Congress did not intend state small claims courts to be the sole forum for TCPA claims. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 751, 181 L. Ed. 2d 881 (2012).

*Sandusky Wellness Ctr., LLC v. Wagner Wellness, Inc.*, No. 3:12-cv-2257, 2014

U.S. Dist. LEXIS 166275, at *14-15 (N.D. Ohio Dec. 1, 2014). As another federal

court found while certifying a TCPA case:

> Jurists and commentators have long debated the merits of the modern class action and the public policies behind Rule 23…It is the view of this Court that the instant case highlights one of the strongest justifications for the class action device: its regulatory function…A statute such as the TCPA, which provides for a relatively small recovery for individual violations but is designed to deter conduct directed against a large number of individuals, can be effectively enforced only if consumers have available a mechanism that makes it economically feasible to bring their claims. Without the prospect of a

13

class action suit, corporations balancing the costs and benefits of violating the TCPA are unlikely to be deterred because individual claims will not impose the level of liability that would outweigh the potential benefits of violating the statute.

*Bee, Denning, Inc. v. Capital Alliance Group*, No. 13-cv-2654, 2015 U.S. Dist. LEXIS 129495, at *37-38 (S.D. Cal. Sept. 24, 2015). At bottom, given that courts regularly certify TCPA class actions, the Court should deny Defendant's motion to strike.

Defendant also repeatedly argues that numerosity and commonality are speculative because Plaintiff has not yet identified every consumer who received Defendant's calls. That argument improperly conflates pleading with proof. The Complaint alleges that Defendant's records identify the recipients of its telemarketing campaign and that the proposed class numbers at least in the hundreds. ECF No. 1 ¶¶ 45-47. Whether Defendant's records ultimately establish those allegations is a question for class certification after discovery—not Rule 12.

Defendant's suggestion that the Plaintiff cannot meet the elements necessary to certify his proposed TCPA class is not credible. Rule 23(a) next requires there be "a common question of law or fact among the members of the class." Fed. R. Civ. P. 23(a)(2). The "commonality" requirement is satisfied when the class claims depend upon a "common contention" that is "capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is

14

central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). In other words, "questions that go to the heart of the elements of the cause of action . . . will not vary by individual class member." *Donovan v. Philip Morris USA, Inc.*, Civ. No. 06-12234, 2012 WL 957633, at *21 (D. Mass. Mar. 21, 2012).

These are precisely the types of common factual questions that Rule 23 contemplates. Resolution of those issues will not vary from consumer to consumer because they concern Defendant's own conduct, its relationship with its telemarketing vendors, and the structure of the telemarketing campaign itself. Whether Defendant exercised sufficient control over the campaign, what policies governed the calls, and what records exist concerning prerecorded messages and purported consent are questions that can be answered through common evidence obtained from Defendant and its agents, not individualized testimony from each putative class member.

Plaintiff's claims are also typical because they arise from the same alleged telemarketing campaign, the same categories of telephone solicitation calls, the same statutory provisions, and the same alleged failure to honor the National Do Not Call Registry that define the claims of the proposed class. The Complaint further alleges that Plaintiff has no interests antagonistic to the Class, will fairly and adequately represent the interests of the Class, and has retained counsel with

substantial experience prosecuting complex class actions, including TCPA class actions. ECF No. 1 ¶¶ 36, 46-49. Defendant identifies no conflict, unique defense, or other circumstance apparent from the face of the Complaint that would render the proposed class facially uncertifiable.

Most recently, the same conclusion was reached by another court in this District. In *Friel v. Line 5, LLC*, No. 3:24-cv-1866, 2025 U.S. Dist. LEXIS 162154 (M.D. Pa. Aug. 21, 2025), Judge Munley rejected a motion to strike TCPA class allegations raising many of the same arguments Defendant advances here. The court explained that arguments concerning overbreadth, ascertainability, consent, and commonality depended upon factual development and therefore could not properly be resolved on the pleadings. The Court further recognized that class membership could appropriately be determined through the defendant's own records following discovery, making dismissal or striking class allegations premature.

In rejecting a similar argument previously in a TCPA case, Judge Brann of this Court rejected an identical argument over the same class definition proposed here in *Jackson v. Meadowbrook Fin. Mortg. Bankers Corp.,* No. 4:22-CV-01659, 2023 U.S. Dist. LEXIS 41211, at *7 (M.D. Pa. Mar. 10, 2023) (footnotes omitted):

> Meadowbrook directs this Court to a 2015 ruling by the Honorable Stewart R. Dalzell of the United States District Court for the Eastern District of Pennsylvania in *Zarichny v. Complete Payment Recovery*

16

*Services, Inc.* There, the plaintiff brought a putative class action under the TCPA on behalf of herself and similarly situated individuals who received one or more calls on their personal cell phones from the defendants using an automatic telephone dialing system without prior consent. Judge Dalzell concluded that the class was an impermissible fail-safe class because "there is no way to provide notice to that putative class without the [*8] sort of extensive fact-finding that class actions should avoid," and "at the conclusion of the litigation, should [the defendant] prevail against [the plaintiff], any other putative class recipient would be free to litigate the same claim against [the defendant]."

Nine months after his ruling in *Zarichny*, Judge Dalzell confronted a similar question—but reached a different result. In *Abella v. Student Aid Center, Inc.*, as in *Zarichny*, the defendant moved to strike the class allegations relating to violations of the TCPA, arguing that "the class definition proposed by the plaintiff was an impermissible 'fail-safe' class."**37** But Judge Dalzell concluded that the proposed class in *Abella* did not "meet[] the definition of a fail-safe class," highlighting two distinctions between the proposed classes in *Abella* and *Zarichny*: (1) unlike the proposed class in *Zarichny*, the *Abella* class "makes no reference to [the defendant's] use of an automatic telephone dialing system[,] . . . which is a required element for a claim under the TCPA"; and (2) the plaintiff in *Abella* did not "rely[] on potential class members' word when determining whether they gave [the defendant] consent to send them text messages," relying instead [*9] on the defendant's "internal records that detail whether it received consent to text certain phone numbers."

Since 2015, district courts within this circuit have consistently emphasized the latter distinction Judge Dalzell highlighted in *Abella*. For example, in *Johnson v. Ally Financial Inc.*, my colleague, the Honorable Christopher C. Conner, declined to strike class allegations concerning the following proposed class: "all persons in the United States who received a call from [the defendant] with the aid of an automatic telephone dialing system when [the defendant's] business records do not indicate it received prior consent."**39** Judge Conner held that this proposed class was not a "facially uncertifiable" fail-safe class because it was properly defined with reference to objective, factual criteria—i.e., the defendant's "business records [that] may (with

17

> discovery) reveal an ascertainable []class"—that fall "outside of the legal requirements of the [TCPA]."…
>
> Here, Jackson argues that like the plaintiffs in *Abella, Johnson, O.P. Schuman*, and *Shelton*, he elided the fail-safe concern present in *Zarichny* by making the "conscious decision to not include language about individuals who have not provided their 'prior express written consent' in the class definition." The Court agrees. The issue of whether Meadowbrook's "conduct constitutes a violation of the TCPA" is arguably a question of law and fact common to Jackson and the other proposed class members. But that alone does not render the proposed class fail-safe. The question here is whether Jackson's proposed class is defined with reference to objective, factual criteria that fall "outside of the legal requirements of the [TCPA]." Consistent with prior district court rulings in this circuit, the Court finds that it may well be.

Indeed, Mr. Chung utilized the same definition here as Mr. Jackson in *Meadowbrook*. *Friel* reached the same conclusion. Judge Munley likewise rejected the argument that a TCPA class should be stricken because individualized issues such as consent, ascertainability, or class membership supposedly predominated. Instead, the Court concluded those issues were more appropriately addressed after discovery and denied the motion to strike. That reasoning applies with equal force here, particularly where Plaintiff likewise alleges that class members may be identified through Defendant's own business records. ECF No. 1 ¶ 45.

Finally, Defendant's assertion that allowing the class allegations to proceed would unnecessarily expand discovery provides no basis for dismissal under Rule 12(b)(6) or for striking the allegations under Rule 12(f). The anticipated burden of class discovery is not a pleading defect, and allegations supporting Plaintiff's class

claims are not redundant, immaterial, impertinent, or scandalous merely because they may require discovery. Any legitimate concerns regarding the scope or burden of discovery may be addressed through the proportionality requirements of Rule 26 and the procedures governing class certification under Rule 23. Defendant cannot obtain dismissal of otherwise adequately pleaded class allegations merely by characterizing ordinary class discovery as burdensome.

## Conclusion

Ultimately, Defendant asks this Court to decide class certification before discovery has even begun. That is not the purpose of Rule 12, and it is precisely the approach rejected by courts addressing TCPA class actions. Most recently, in *Friel v. Line 5, LLC*, No. 3:24-cv-1866, 2025 U.S. Dist. LEXIS 162154 (M.D. Pa. Aug. 21, 2025), another court in the Middle District of Pennsylvania held that questions concerning ascertainability, overbreadth, consent, commonality, and the contours of the proposed class should be addressed after discovery—not on the pleadings—and denied a motion to strike class allegations. Plaintiff's Complaint likewise alleges a nationwide telemarketing campaign, objectively defined classes, and that Defendant's own records identify putative class members. ECF No. 1 ¶¶ 4-5, 40-55. Accepting those allegations as true, as the Court must, Defendant has not shown that Plaintiff can prove no set of facts entitling him to class relief. The Motion should therefore be denied.

19

RESPECTFULLY SUBMITTED AND DATED this July 22, 2026.


By: */s/ Anthony Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com