IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVE CHUNG, individually and on :
behalf of all persons and entities :
similarly situated, :
  *Plaintiff,* :
      :   NO. 1:26-cv-01529-JPW
  v. :
      :
U-RELAX MOVING CO., :
  *Defendant,* :

**U-RELAX MOVING CO.'S REPLY BRIEF IN SUPPORT OF
ITS MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION TO STRIKE
PLAINTIFF'S CLASS ALLEGATIONS**

**AND NOW** on the 27th day of July, 2026 comes the U-RELAX MOVING CO., by and through its counsel, Summers Nagy Law Offices, and files this Reply Brief in Support of its Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, Defendant moves pursuant to Federal Rule of Civil Procedure 12(f) to strike Plaintiff's class allegations.

## I. ARGUMENT

At its core, Plaintiff's Complaint alleges four calls were made to one person, from a telephone that is capable of making multiple calls over a six-day period. If that is the standard to allow a class action to proceed beyond the pleading stage as a

1

class action, the standard is, essentially, non-existent.[1]  Said differently, Plaintiff's argument logically concludes that any single alleged violation of the Telephone Consumer Protection Act ("TCPA") allows a plaintiff to allege class action status – and concomitantly, the crippling discovery that goes with it.  If Congress intended such an extreme remedy based upon such limited allegations, it presumably would have said as much.

Other than general, grand notions pertaining to consumer protection law, Plaintiff cites two Middle District cases in support of his position.  In *Friel v. Line 5, LLC*, Case No. 3:24-cv-1866, the plaintiff alleged a joint enterprise from three companies and plaintiff received incoming calls associated with multiple cities across the Commonwealth.  The plaintiff allegedly engaged with an artificial intelligence representative and subsequently a company representative.  Thereafter, the plaintiff received emails, text messages and a contract for signature.  Based upon those facts, the plaintiff "discerned JEA, Headstart, and Line5's roles in the telephone calls."  By contrast, Plaintiff Chung has discerned nothing other than four calls were made by a telephone capable of making calls.

---

[1] If the class action allegations were not alleged, Defendant would not have filed a Rule 12 Motion.

In *Jackson v. Meadowbrook Financial Mortgage Bankers Corp.*, Case No. 4:22-cv-01659, the plaintiff received multiple calls and that plaintiff went so far as to have his attorney send a cease-and-desist letter to the company.  Frankly, if the company continued to contact plaintiff after plaintiff took the extraordinary step (and expense) of engaging an attorney to demand the offender cease and desist, it makes sense that the company is ignoring its statutory obligations and that the plaintiff plausibly alleged facts surviving Rule 12.  Again, Plaintiff Chung alleged four calls were made and although the allegations are vague, it appears that Plaintiff Chung did not actually speak to anyone but did receive one voicemail.

**[Space Left Intentionally Blank]**

## II.    CONCLUSION

For the forgoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's class allegations pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively strike Plaintiff's class allegations pursuant to Federal Rule of Civil Procedure 12(f), and grant such other relief as the Court deems just and proper.

Respectfully submitted,

SUMMERS NAGY LAW OFFICES

*/s/Sean E. Summers*

By: _____

Sean E. Summers, PA I.D. 92141
35 South Duke Street
York, PA 17401
(717) 812-8100
Fax: (717) 812-8108

Dated: July 27, 2026          E-Mail: ssummers@summersnagy.com
*Counsel for Defendant, U-Relax Moving Co*

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVE CHUNG, individually and on :
behalf of all persons and entities  :
similarly situated,                 :
     *Plaintiff,*                   :
                     :     NO. 1:26-cv-01529-JPW
     v.                           :
                     :
U-RELAX MOVING CO.,                 :
     *Defendant,*                   :

## CERTIFICATE OF SERVICE

I, Sean E. Summers, Esquire, hereby certify that on this 27th day of July, 2026, a copy of the foregoing Reply Brief in Support of Motion to Dismiss or, in the alternative, Motion to Strike has been served upon the following parties via CM/ECF and electronic mail, addressed as follows:

Jeremy C. Jackson
Bower Law Associates, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
jjackson@bower-law.com
*Counsel for Defendants*

SUMMERS NAGY LAW OFFICES

*/s/Sean E. Summers*
By: _____
Sean E. Summers, PA I.D. 92141
35 South Duke Street, York, PA 17401
(717) 812-8100| Fax: (717) 812-8108
E-Mail: ssummers@summersnagy.com

Dated: July 27, 2026

5