**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEVE CHUNG, | : | Civil No. 1:26-cv-01529 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| U-RELAX MOVING CO., | : | |
| | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

**ORDER**

**AND NOW**, on this 11th day of August, 2026, in accordance with the standard for sealing judicial records as stated in *In re Avandia Marketing, Sales Practices & Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019) ("*Avandia*"), which provides the standard that courts must apply when determining whether judicial records[1] will be confidential, **IT IS ORDERED THAT** the parties shall adhere to the following guidance and procedures for filing a motion to seal:

1) Any motion to seal must comply with Local Rule 5.8 and Local Criminal Rule 49.

2) Any motion to seal is subject to the requirement that counsel seek concurrence from each party. *See* Local Rule 7.1. In addition, if a party seeks to file a judicial record under seal that has been marked confidential during discovery, the parties are required to work

---

[1] "A 'judicial record' is a document that 'has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019) 672 (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)).

1

together to prepare the required information to justify the judicial record being filed under seal (such as affidavits or other factual information necessary to meet the burden for sealing.)  A party's failure to cooperate in this process may result in the imposition of costs.

3) Before requesting to seal an entire judicial record in full, consideration must be given to whether partial redaction of the confidential information would be sufficient.  The court notes that redaction of limited confidential information may be sufficient and the least restrictive means necessary to protect the interests at stake.  It is still necessary to file a motion seeking leave to file a redacted judicial record on the public docket following the same procedure required to seal an entire judicial record.[2]

4) Due to the "strong presumption" that judicial records will remain publicly accessible, any motion to seal must be accompanied by a statement of factual and legal justification that addresses how the party can overcome the presumption of public access in accordance with *Avandia*.  *See id.* at 672–73.  The statement of factual and legal justification must articulate specific reasons for sealing each document that the party wishes to have sealed.

5) To be clear, the court will not independently examine the subject judicial records to identify "the compelling, countervailing interests to be protected" by their sealing.  *Avandia*, 234 F.3d at 672 (quoting *In re Cendant Corp.*, 260 F.3d 662, 194 (3d Cir. 2001)).  The burden is on the movant to explain why an entire judicial record should be sealed or, in the alternative, why redactions are necessary by reference to the controlling legal standard and a specific justification for each record.

---

[2] A motion for leave to redact confidential information from a judicial record is distinct from the requirement in Local Rule 5.2(d) that a party shall redact personal data identifiers from all filed documents.  *See* Local Rule 5.2(d).

6) The court notes that the parties may not rely exclusively on *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) when requesting to seal judicial records. *Pansy* sets the standard applicable to preserving the confidentiality of discovery materials. *Avandia*, 924 F.3d at 670.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania