**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEVE CHUNG, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>U-RELAX MOVING CO.,<br><br>Defendant. | Case No. 1:26-cv-01529-JPW |

**JOINT CASE MANAGEMENT PLAN**

## 1. Principal Issues

1.1 Separately for each party, please give a statement summarizing this case:

By plaintiff(s):

Plaintiff Steve Chung brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), alleging that Defendant U-Relax Moving Co. made repeated telephone solicitation calls to his residential cellular telephone number despite the number having been registered on the National Do Not Call Registry since July 21, 2017.

Plaintiff alleges that Defendant placed at least four telemarketing calls to him during May 2026,6, left two voicemail messages advertising Defendant's moving services and offering free moving estimates, and sent related follow-up text messages. Plaintiff seeks statutory damages and injunctive relief on behalf of himself and the following proposed class:

**National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; and (4) within the four years prior to the filing of the Complaint.

By defendant(s): Defendant is a small, locally owned family moving business that operates in the Counties surrounding York County, Pennsylvania. Defendant denies making any calls. In short, defendant utilizes a calling service that is contractually bound to not call potential customers that are on the do not call list.

1.2 The facts the parties dispute are as follows:

- Whether Defendant, its employees, or third parties acting on its behalf placed the calls at issue.
- The dates, times, originating numbers, content, and purpose of the communications directed to Plaintiff.
- Whether the calls constituted "telephone solicitations" within the meaning of the TCPA and its implementing regulations.
- Whether Defendant maintained reasonable practices and procedures designed to prevent calls to numbers registered on the National Do Not Call Registry.
- Whether putative class members can be identified through Defendant's or its agents' calling records, dialer records, lead records, customer databases, and related business records.

agree upon are as follows:

- Plaintiff filed this action on June 4, 2026.
- Defendant was served on June 14, 2026.
- Plaintiff's claims arise under the TCPA.

1.3 The legal issues the parties dispute are as follows:

- Whether Defendant violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. §

64.1200(c) by making, or causing others to make, more than one telephone solicitation to Plaintiff or putative class members within a 12-month period while their residential telephone numbers were registered on the National Do Not Call Registry.

- Whether calls to Plaintiff's residential cellular telephone number are protected by the residential do-not-call provisions.
- Whether the proposed class satisfies Rule 23, including ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority.
- Whether the proposed class constitutes an impermissible fail-safe class.

agree upon are as follows:

- The Court has federal-question subject-matter jurisdiction under 28 U.S.C. § 1331.
- Venue is proper in the Middle District of Pennsylvania.

1.4 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

1.5 Identify any named parties that have not yet been served:

None.

1.6 Identify any additional parties that:

plaintiff(s) intends to join:

None at this time, although Plaintiff reserves the right to add additional parties as may be appropriate based on information obtained through discovery and as permitted by the Federal Rules of Civil Procedure.

defendant(s) intends to join: None at this time.

1.7 Identify any additional claims that:

plaintiff(s) intends to add:

None at this time, although Plaintiff reserves the right to add additional claims as may be appropriate based on information obtained through discovery and as permitted by the Federal Rules of Civil Procedure.

defendant(s) intends to add: None.

**2.0 Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

The parties agree to make the initial disclosures within 14 days after the parties' Rule 26(f) conference, by October 1, 2026.

2.1 Separately for each party, list by name and title/position each person whose identity has been disclosed.

Disclosed by Plaintiff:

| Name | Title/Position |
|---|---|
| Steve Chung | Plaintiff |
| Unidentified employees employees or vendors of Defendant | Unknown |

Disclosed by Defendant:

| Name | Title/Position |
|---|---|
| Jared Fetrow | ............. Owner |

## 3.0 Early Motions

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Rule 12 | Defendant | Already filed |

## 4.0 Discovery

4.1 Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):

None to date. Following the parties Rule 26(f) conference, Plaintiff will issue discovery concerning the calls and text messages directed to Plaintiff; the identities of the persons and entities responsible for those communications; the source of Plaintiff's contact and property information; Defendant's telemarketing campaigns, calling systems, vendors, lead sources, scripts, and databases; Defendant's policies and procedures concerning the National Do Not Call Registry, consent, internal do-not-call requests, and TCPA compliance; Defendant's records identifying other persons who received similar calls; Defendant's consent and established-business-relationship defenses; Defendant's supervision and control of any vendors or agents; and the factual basis for Defendant's challenges to Plaintiff's class allegations.

By defendant(s): None to date.

4.2 Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

The parties agree that discovery concerning the following topics should be conducted:

- The calls allegedly directed to Plaintiff.
- Plaintiff's telephone records and evidence concerning the number's registration on the National Do Not Call Registry.
- Defendant's relationship with any telemarketing, lead-generation, list, dialing, or marketing vendors involved in the alleged campaign.
- Contracts, instructions, scripts, policies, compensation arrangements, and communications between Defendant and any such vendors.
- Defendant's policies and procedures concerning the National Do Not Call Registry, consent, internal do-not-call requests, vendor monitoring, training, auditing, and TCPA compliance.
- Information necessary to evaluate class certification, including numerosity, ascertainability, commonality, typicality, adequacy, predominance, superiority, and the manageability of the proposed class.
- The number and identities of persons who received more than one covered telephone solicitation during a 12-month period.
- Whether any alleged violations were knowing or willful.
- Plaintiff's and putative class members' alleged injuries and requested relief.

4.3 Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

None at this time.

4.4 Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the

litigation:

None at this time.

4.5 For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later
modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

4.5.1 depositions (excluding experts) to be taken by:

plaintiff(s):__10__ defendant(s):__10__

4.5.2 interrogatories to be served by:

plaintiff(s):__30__ defendant(s):__30__

4.5.3 document production requests to be served by:

plaintiff(s):__30__ defendant(s):__30__

4.5.4 requests for admission to be served by:

plaintiff(s):__30__ defendant(s):__30__

4.6 Discovery of Electronically Stored Information

**X** Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

__ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

## 5.0 Protective Order

5.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

The Parties do not request a protective order at this time.

5.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

## 6.0 Scheduling

6.1 Final date for joining additional parties:

March 23, 2027 Plaintiff(s)
March 23, 2027 Defendants(s)

6.2 Final date for amending pleadings:

March 23, 2027 Plaintiff(s)

March 23, 2027 Defendants(s)

6.3 All fact discovery commenced in time to be completed by: April 23, 2027

6.4 All potentially dispositive motions should be filed by: November 23, 2027

6.5 Reports from retained experts due:

from plaintiff(s) by May 24, 2027

from defendant(s) by June 23, 2027

6.6 Supplementations due August 23, 2027

6.7 All expert discovery commenced in time to be completed by August 23, 2027

6.8 This case may be appropriate for trial in approximately:

___ 240 Days from the filing of the action in this court

___ 365 Days from the filing of the action in this court

**547** Days from the filing of the action in this court

6.9 Suggested Date for the final Pretrial Conference:

TBD (month/year) - The parties propose that the trial date is approximately 18 months following the case management conference, and that it is set following the Court's ruling on class certification.

6.10 Trial

6.10.1 Suggested Date for Trial:

______________ (month/year)

**7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Anthony Paronich
Name

Lead Counsel for Plaintiff
Title

350 Lincoln St. Suite 2400
Hingham, MA 02043
Address

(617) 485 - 0018 Daytime Telephone

_Steve Chung_______________________________________
Name

_Plaintiff___________________________________________
Title

_Contact through counsel_____________________________
________________________________________________
Address

( )____ - ______ Daytime Telephone *contact through counsel*

_______________Jared Fetrow___________________________
Name

__________Owner______________________________________
Title

________________________________________________

________Contact through counsel_____________________________
Address

( )____ - ______ Daytime Telephone

________________________________________________
Name

________________________________________________
Title

________________________________________________

________________________________________________
Address

( )____ - ______ Daytime Telephone

______________________________________
Name

______________________________________
Title

______________________________________

______________________________________
Address

( )____ - ______ Daytime Telephone

**8.0 Alternative Dispute Resolution ("ADR")**

8.1 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure ~~Private Mediation~~

Date ADR to be commenced To be determined
Date ADR to be completed January 31, 2027

8.2 If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

Defendant cannot agree to mediation until a demand has been forwarded. There is no insurance coverage.

8.3 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

Not applicable.

**9.0 Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. 636(c)(1), to have a

magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: __ Y _ **X** _ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

_____ Scranton/Wilkes-Barre
_____ Harrisburg
______Williamsport

## 10.0 Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

The parties propose that Plaintiff's motion for class certification be filed concurrently with Plaintiff's initial expert report on **May 24, 2027**, with Defendant's opposition and expert report due **June 23, 2027**, and Plaintiff's reply due **July 23, 2027**. Expert discovery shall be completed by **August 23, 2027**. The parties further propose that potentially dispositive motions be filed after completion of class-certification briefing.

## 11.0 Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk=s Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated: September 23, 2026 **Attorneys for Plaintiff**

*/s/ Anthony Paronich*
Anthony Paronich *(pro hac vice)* – Lead Counsel
Paronich Law, P.C.
350 Lincoln St. Suite 2400
Hingham, MA 02043
T: 617-485-0018
Email:Anthony@paronichlaw.com

Jeremy C. Jackson
Bower Law Associates, PLLC
403 South Allen Street Suite 210
State College, PA 16801
T: 814-234-2626 Email:Jjackson@bower-Law.com

**Dated:** September 23, 2026 **Attorney for Defendant**

*Sean E. Summers, Esq.*
Summers Nagy Law Offices
35 South Duke Street
York, PA 17401
(717) 812-8100
Fax: (717) 812-8108
E-Mail: ssummers@summersnagy.com